**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY LEMICY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-00332-MTS |
| | ) |
| TODD HEFELE, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

On July 23, 2025, this Court granted Anthony Lemicy leave to proceed *in forma pauperis*, assessed an initial partial filing fee of $37.01, and ordered Lemicy to pay that amount to the Clerk of Court. Doc. [7]. Lemicy's compliance was due on September 8, 2025.

On September 2, 2025, Lemicy filed a "Reply to Memorandum and Order" stating he is "financially unable to pay the partial fee." Doc. [8] at 1. Referring to himself as "the petitioner," Lemicy explains:

> The petitioner has had a deposit of a $100 give or take added to his account for the months of June, July, and August, that money belongs to another inmate. Even though it is against B.O.P. procedure the other guy is on commissary restriction, and his family adds money to the petitioners account so that he can go to the 'store' for the other inmate. That is the only way for the petitioner to acquire the basic items (hygiene).

*Id.*

Lemicy also states he was allowed to proceed "pauperis" in his federal court criminal proceedings, and asks "to be allowed to proceed in this Court pauperis." *Id.* at 2. He appears to ask the Court to allow him to defer paying any portion of the filing fee until this case concludes. He asks this Court "to allow him to rely upon 28 U.S.C. 1915(f)(1), which states 'Judgment may be rendered for cost at the conclusion of the [suit] or action as in other proceedings . . .'". *Id.*

Attached to the reply is an uncertified account statement for Lemicy's inmate account for the period December 5, 2024 through August 13, 2025. *Id.* at 3.

The Court first considers whether the account statement establishes Lemicy's inability to pay the initial partial filing fee. According to the statement, Lemicy's account balance was around $40 during the entire period and over $90 during July 2025, the month the Court assessed the initial partial filing fee and ordered Lemicy to pay it. And the most recent date on the statement is August 13, 2025, more than 2 weeks before Lemicy filed his reply and more than 3 weeks before the deadline to pay. The Court therefore finds that the statement does not establish that Lemicy is now "financially unable to pay the partial fee," as he avers. Doc. [8] at 1.

Turning next to Lemicy's statements about violating Bureau of Prison rules to help another inmate evade a commissary restriction, those statements do not compel the Court to vacate the portion of its July 23, 2025, order directing Lemicy to pay the initial partial filing fee. Finally, Lemicy's suggestion that he should pay nothing until this case concludes is unavailing. Federal law requires this Court to assess and collect an initial partial filing fee from a prisoner who, like Lemicy, is proceeding *in forma pauperis*. 28 U.S.C. § 1915(b)(1). After Lemicy pays the initial partial filing fee, he will be required to make monthly payments to the Court until the filing fee is paid in full, 28 U.S.C. § 1915(b)(2), and he will remain obligated to make such monthly payments even if his case is dismissed on initial review. *See* 28 U.S.C. § 1915(b)(1).

The Court concludes that Lemicy remains obligated to pay the $37.01 initial partial filing fee, but will give him additional time to pay. Lemicy is cautioned that his failure to timely pay the initial partial filing fee or show that he has no assets and no means by which to do so will result in the dismissal of this case, without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Anthony Lemicy shall pay the $37.01 initial partial filing fee **no later than October 15, 2025**.  Failure to do so, or show that he has no assets and no means by which to do so, will result in the dismissal of this case without prejudice and without further notice.

Dated this 15th day of September 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE