**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

ANTHONY LEMICY,                                    )
                                                   )
    Plaintiff,                                 )
                                                   )
    v.                                         )          No. 4:25-cv-0332-MTS
                                                   )
TODD HEFELE, *et al.*,                             )
                                                   )
    Defendants.                                )

**MEMORANDUM OPINION**

A jury convicted Plaintiff Anthony Lemicy on four counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), (e). *United States v. Lemicy*, 122 F.4th 298, 302 (8th Cir. 2024), *cert. denied*, 146 S. Ct. 347 (2025). This action, filed by Plaintiff under 42 U.S.C. § 1983, stems from the initial police involvement that led to those charges. *See id.* at 302–304; *see also* Doc. [15] at 5–6.[*] After a careful review of Plaintiff's Amended Complaint in this matter, Doc. [15], the Court will dismiss this action. 28 U.S.C. §§ 1915(e)(2), 1915e(a)

Plaintiff's Amended Complaint names as Defendants Todd Hefele, Courtney Jordan, and Michael Spreck. All are (or at least were), Plaintiff alleges, employees of the Saint Louis Metropolitan Police Department. Plaintiff specifically indicates that he brings the claims against these Defendants in their official capacities. *See* Doc. [15] at 1; *see also Reynolds v. Cook*, No. 24-1618, 2025 WL 670428, at *1 (8th Cir. Mar. 3, 2025)

---

[*] There appears to be no issue under *Heck v. Humphrey* here for the reasons explained by the Supreme Court in footnote seven of its opinion in that case. *See* 512 U.S. 477, 487 n.7 (1994).

(unpublished per curiam).  As such, Plaintiff has sued only the officers' employer, the City of St. Louis.  *Buford v. Runyon*, 160 F.3d 1199, 1201 n.3 (8th Cir. 1998); *accord Fisher v. Koopman*, 693 F. App'x 740, 746 (10th Cir. 2017) ("An official capacity suit against a municipal official like a police officer is treated as a suit against the municipality.").  Unfortunately for Plaintiff, though, his claims against the City fail.

Even assuming that Plaintiff has plausibly shown a constitutional violation, *see Whitney v. City of St. Louis*, 887 F.3d 857, 861 (8th Cir. 2018) (explaining that "a constitutional violation by a city employee" is necessary to support "*Monell* liability for the City"), which is itself a stretch given Plaintiff's conclusory allegations, Plaintiff has woefully failed to plead facts that plausibly support the inference of an existence of an unconstitutional policy or custom that was the moving force behind any such violation. *See Monell v. Dep't of Social Services of the City of N.Y.*, 436 U.S. 658 (1978); *see also Los Angeles County v. Humphries*, 562 U.S. 29, 32–33 (2010) ("Under *Monell*'s holding a municipal entity is liable under § 1983 only if a municipal 'policy or custom' caused a plaintiff to be deprived of a federal right.").

Thus, Plaintiff has failed to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii). For this reason, the Court will enter herewith an Order of Dismissal, dismissing this action without prejudice. *See id.*; *see also id.* at 1915e(b)(1).

Dated this 1st day of July 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

2